UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BURRESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHEISHA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-00630-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |

　　　　Plaintiff William Burress is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2016.  Local Rule 302.

　　　　Now pending before the Court is Plaintiff's first amended complaint, filed August 3, 2016.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is in excessive pain as a result of keloids, a medical condition described as excessive growth of tissue to both of Plaintiff's ears. Plaintiff had surgery to remove the keloid's growth from both his ears. Dr. Hill, Plaintiff's primary care provided (PCP) admits the keloids grew back due to medical staff's failure to provide proper "medical follow-up treatment." Despite the fact that such keloid regrowth should not have occurred, Plaintiff had to begin the whole medical procedure process again starting with a "7362" medical-health care form request, consultation with a nurse. Plaintiff was re-examined by Dr. Hill in May of 2015. Dr. Hill ordered Plaintiff to be seen by an outside specialist to either concur as to a second surgery or an alternative course of treatment.

The outside specialist concluded that surgery with the proper follow-up treatment would be the best course of treatment, to and including the likelihood that keloid tissue would not grow back. The

1  California Department of Corrections and Rehabilitation (CDCR) requires that surgery
2  recommendations go before the medical authorization review (MAR) process to validate the need for
3  surgery and/or other treatment.
4      On June 9, 2015, the MAR committee denied the surgery procedure. The MAR committee
5  indicated that they felt the surgery procedure would be "cosmetic" or that a second set of surgery
6  would be futile and not correct the problem. Plaintiff again consulted with Dr. Hill who advised
7  Plaintiff of his right to appeal the MAR committee decision. In the first level response, Plaintiff was
8  informed that there was "not a medical indication" for renewal of surgery and his appeal was denied.
9  Plaintiff's appeal was denied at the second level of review, stating "should your treatment regimen be
10 modified to include surgery it will be done at the discretion of your provider." Lastly, Plaintiff's
11 appeal was denied at the Director's level of review stating, "your own personal preferences may be
12 considered, but do not control the professional judgment of your current medical care providers."
13     Plaintiff's keloids and regrowth in both ears makes it next to impossible not to be in pain when
14 he sleeps. CDCR fails to address the negligence associated with the botched medical follow-up nor
15 remedy the incredible pain that Plaintiff lives with, something the Defendants are well aware of by
16 insisting on medical surgery in the first instance.

17 **III.**
18 **DISCUSSION**
19     **A.    Eighth Amendment-Deliberate Indifference to Serious Medical Need**
20     While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
21 care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
22 an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
23 in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
24 Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
25 Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition
26 could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
27 "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing
28 Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond

to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has alleged nothing more than his mere disagreement with the failure to provide a second surgery for his keloids. In addition, the mere fact that certain medical personnel disagree over the course of medical treatment does not give rise to a claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable constitutional violation based on the denial of keloid surgery.

**B.    Inmate Appeals Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

The mere fact that certain prison officials denied Plaintiff's inmate appeals, does not alone, give rise to a claim for relief.

///

///

///

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed August 3, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

     4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 9, 2016**

UNITED STATES MAGISTRATE JUDGE